# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ANGEL L. GARCIA-VELASQUEZ,**

   **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

   **Respondent.**

**Civil No. 16-1957 (ADC)**

**[Related to Crim. No. 12-200-12 (ADC)]**

## OPINION AND ORDER

Before the Court is Ángel L. García-Velásquez' ("petitioner" or "García-Velásquez") petition to vacate, set aside, or correct sentence in Criminal Case No. 12-200 pursuant to 28 U.S.C. § 2255. **ECF No. 1**. The government opposed the petition. **ECF No. 7**. For the following reasons, the petition is **DENIED**. Petitioner's request for an evidentiary hearing is also **DENIED**.

### I. Background

On June 20, 2012, García-Velásquez was charged along with thirty-two other co-defendants in a thirty-three count Superseding Indictment. **Crim. No. 12-200, ECF No. 196**. García-Velásquez was charged with: (1) a Racketeer Influenced and Corrupt Organizations Act (RICO) violation (**Count One**), (2) conspiracy to possess with intent to distribute controlled substances within a protected location (**Count Two**); (3) conspiracy to possess firearms during and in relation to a drug trafficking crime (**Count Three**); (4) two murders (**Counts Twenty-**

**Eight and Twenty-Nine**); (5) a drive-by shooting (**Count Thirty**); (6) using and carrying a firearm in relation to a crime of violence (**Count Thirty-One**). *Id*.

On February 5, 2013, García-Velásquez pled guilty to count one which charged him with conspiring to commit racketeering in violation of 18 U.S.C. § 1962(d), pursuant to a signed plea agreement filed on that same date. **Crim. No. 12-200, ECF Nos. 726, 728**. The overt acts of García-Velásquez' racketeering charge included two murders in a drive-by shooting and for that reason, in calculating the sentence recommendation, the parties applied the first-degree murder cross-reference provision of the sentencing guidelines (USSG §2A1.1). **Crim. No. 12-200, ECF No. 726 at 3**. The parties also agreed to recommend a sentence of 240 to 348 months of imprisonment regardless of García-Velásquez' criminal history category. **Crim. No. 12-200, ECF No. 726 at 4**. In conjunction with the plea agreement, the United States submitted the following stipulation of facts:

> Defendant [Garcia-Velasquez] was a member of a criminal organization in the metropolitan area of San Juan Puerto Rico, called La Organización de Narcotraficantes Unidos (Organization of United Drug Traffickers," in English), better known for its acronym in Spanish as "La ONU," which was established in approximately 2004 and continued through at least October 2011. La ONU controlled all drug sales within several public housing projects and regularly committed violent acts to protect and expand their control over drug points. Due to their drug trafficking activities and use of weapons, La ONU's activities affected interstate and foreign commerce.
> As a member of La ONU, Defendant knowingly and intentionally conspired with diverse other persons to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of La ONU through a pattern of racketeering activity consisting of multiple acts involving: 1. Narcotics trafficking, including cocaine base ("crack"), cocaine, heroin and marijuana, in violation of the laws of the United States, to wit, 21 U.S.C. U.S.C. §§ 841 and 846; and 2. Murder chargeable under Articles 35 (attempt), 105 (general murder statute), 106 (first degree and second degree murder), and 249 (conspiracy)

> of the Puerto Rico Penal Code, P.R. Laws Ann. Tit. 33, §§ 4663, 4733, 4734, and 4877 (2004).
>
> Each member agreed that a conspirator would commit at least two (2) acts of racketeering activity in the conduct of the affairs of La ONU. One of the racketeering acts Defendant agreed to participate in was a conspiracy to possess with intent to distribute two hundred and eighty (280) grams or more of a mixture or substance containing cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, and a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, including, Las Dalias Public Housing Project and Las Gladiolas Public Housing Project, in violation of 21 U.S.C. § 841(a)(l), 846, and 860. In furtherance of this conspiracy, Defendant was an enforcer for La ONU and, as such, he carried weapons to protect the drug points in the public housing projects and committed several shootings in furtherance of the drug sales.
>
> Another racketeering act Defendant agreed to participate in furtherance of La ONU, was the murder of Blanca de los Santos and Manuel Medina-Rivera. In 2010, Defendant together with several members and leaders of La ONU participated in a shootout with a rival drug trafficking organization from the Jardines de Paraiso Public Housing Project. The shooting, which took place across a highway, resulted in the death of Manuel Medina-Rivera, a police officer, and Blanca de los Santos, a librarian. At the time of the shooting, Blanca de los Santos and Manuel Medina-Rivera were driving separate cars on the highway. Ballistics indicates that the shots that killed Blanca de los Santos and Manuel Medina-Rivera came from the area where Defendant and other members of La ONU were shooting from. Furthermore, ballistics show that over six hundred (600) rounds of ammunition were fired and that they were from various types of firearms. Defendant admits that he participated in these murders to maintain and increase his position in La ONU.

**Crim. No. 12-200, ECF No. 726** at 9-11.

On June 12, 2013, the Court sentenced petitioner to 348 months of imprisonment. **Crim. No. 12-200, ECF No. 1057.** Judgment was entered on June 17, 2013. **Crim. No. 12-200, ECF No. 1058.** On June 24, 2013, petitioner filed a Notice of Appeal. **Crim. No. 12-200, ECF No. 1073.** On March 5, 2014, petitioner filed his appellant brief. **Appeal No. 13-1846**. On July 30, 2014, the First

Circuit Court affirmed García-Velásquez' sentence. **Crim. No. 12-200, ECF No. 1547.** The Supreme Court denied *certiorari* on February 23, 2015. *García-Velásquez v. United States*, 135 S. Ct. 1466 (2015).

On May 24, 2016, García-Velásquez filed the present motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. **ECF No. 1**. On September 28, 2018, the government filed its response in opposition. **ECF No. 7**.

## II.     Standard of Review

Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (*citing Hill v. United States*, 368 U.S. 424, 426-27 (1962)). Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Id*.

### III.     Analysis

García-Velásquez moves to vacate, set aside or correct his sentence on the following ground: (1) "[he] is 'actually innocent' of the murders of Blanca de los Santos and Manuel Medina-Rivera, [his] guilty plea is invalid in light of *Burrage v. United States*[1]". **ECF No. 1** at 4. Essentially, petitioner claims that the sentencing court erroneously applied the murder guideline in sentencing him on his RICO conviction because, in contravention of the Supreme Court decision in *Burrage v. United States*, 571 U.S. 204 (2014), there was insufficient evidence to support a finding that, "but for" the underlying RICO conduct of which he was convicted, the victims would not have been murdered. **ECF No. 1, 1-1.** Petitioner asserts that without proof beyond a reasonable doubt of such but-for causation, he is actually innocent of the murder guideline sentence enhancement and the sentence imposed on his RICO conviction must be vacated. *Id.*

As a threshold matter, petitioner argues that the one-year statute of limitations, as contained in 28 U.S.C. § 2255(f), does not bar his petition. **ECF No. 1** at 12**.** The United States counters that the petition should be dismissed as untimely because petitioner signed and dated his petition on April 21, 2016, two months after the February 23, 2016 limitations period. They further contend that even though *Burrage* was decided on January 27, 2014 and petitioner filed his appellate brief two months later, on March 3, 2014, he did not raise the issue on appeal, effectively defaulting his claim. Lastly, the government argues that petitioner fails to meet the actual innocence standard for equitable tolling. **ECF No. 7** at 1, 4**.**

---

[1] 571 U.S. 204 (2014).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for *habeas* petitions filed by prisoners in federal custody. 28 U.S.C. § 2255(f). In general, this period runs from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). "Every circuit that has addressed the issue has concluded that a conviction becomes final--and the one-year period therefore starts to run--when a petition for *certiorari* is denied." *In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006). Here, the Supreme Court denied *certiorari* on February 23, 2015. As such, petitioner's motion dated April 21, 2016 was submitted beyond the one-year statute of limitations set forth by AEDPA.

Absent equitable tolling, the petition is certainly untimely. Although section 2255(f)'s one-year limitations period is subject to equitable tolling in appropriate instances, it must be exercised with care, on a case by case basis, and applied sparingly. *Ramos-Martínez v. United States*, 638 F.3d 315, 322 (1st Cir. 2011). Consequently, the First Circuit has recognized that equitable tolling is available only in cases in which "circumstances beyond the litigant's control have prevented [her] from promptly filing." *Id.* (citing *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005)). Equitable tolling is not intended as a device to rescue those who inexcusably sleep upon their rights. *Id.* at 323. As such, a petitioner must show that he has pursued his rights diligently and that some extraordinary circumstances prevented him from filing his motion in a timely manner. *Holland v. Florida*, 560 U.S. 631 (2010). Among others, a showing of actual innocence may provide an equitable exception to the limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 391-400 (2013).

At the outset, the Court notes that *Burrage* was decided on January 27, 2014, while petitioner's appeal was underway, and two months prior to petitioner filing his appellate brief. Even so, he did not raise any arguments pursuant to *Burrage* in his brief. Moreover, petitioner filed his petition over two years after *Burrage* was decided, precluding any potential argument under 28 U.S.C. 2255 (f)(3)[2].

Petitioner seeks to salvage his time-barred claims arguing actual innocence insofar as his plea is purportedly invalid under *Burrage*. The Supreme Court has held that an actual innocence claim is "a gateway through which a habeas petitioner [may] have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)) (internal quotation marks omitted). To succeed, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).[3] That is certainly not the case here.

Petitioner's reliance on *Burrage* to subvert his time barred claim through an allegation of actual innocence is misplaced. In *Burrage*, the Supreme Court addressed the sentence enhancement provision of the Controlled Substance Act, 21 U.S.C. § 841, which increases the mandatory maximum and minimum sentences for controlled substances sales where "death or

---

[2] Allowing that the period of limitation for a motion under §2255 shall run from the latest of various circumstances including the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

[3] The First Circuit had not adopted an actual innocence exception to the one-year limitation period of a *habeas* petition. *Barreto-Barreto v. United States*, 551 F.3d 95, 102 (1st Cir. 2008).

serious bodily injury" results from the use of the controlled substance distributed by defendant. 21 U.S.C. § 841(b)(1)(C). The Supreme Court held that a defendant cannot be liable for penalty enhancement under the penalty enhancement provision of the Controlled Substance Act unless such use is a but-for cause of death or injury, at least when the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury. *Burrage*, 571 U.S. 204.

Here petitioner raises a purely legal argument that he is innocent because there was an intervening change in the law, not because there is new evidence establishing that he is factually innocent of the crime of which he was convicted. The Supreme Court has held that an attack on the validity of a sentence enhancement is not a claim of actual innocence because a claim of actual innocence means factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Therefore, his actual innocence argument fails. Also, the Seventh Circuit recently noted that allowing *Burrage* to serve as both basis for actual innocence and a claim for relief on the merits directly contradicts §2255's Congressionally-imposed statute of limitations. *Lund v. United States*, 913 F.3d 665, 669 (7th Cir. 2019).

Lastly, the Court noted that *Burrage* is not relevant to the instant case because petitioner's sentence was imposed pursuant to a RICO conspiracy with overt acts of murder, and not a Section 841 violation. The sentencing guidelines for RICO, the crime which Petitioner pled guilty, direct the sentencing court to use the offense level applicable to the underlying racketeering activity. U.S.S.G. § 2E1.1. Accordingly, the murder guideline, U.S.S.G. § 2A1.1,

applied because death resulted from his commission of the RICO violation[4]. **Crim. No. 12-200, ECF No. 726** at 3. Therefore, *Burrage* has no effect on the appropriateness of the Court's use of the murder cross-reference guideline provision in imposing petitioner's sentence.

Considering the foregoing, the Court finds that petitioner's claims of actual innocence pursuant to *Burrage* fail. Since petitioner has failed to show he is entitled to equitable tolling, his claims are time barred and dismissal is proper.

## IV. Conclusion

For the reasons stated, petitioner's motion under 28 U.S.C. § 2255, **ECF No. 1,** is **DENIED** and the case is **DISMISSED with prejudice**. Consequently, petitioner's request for an evidentiary hearing is **DENIED**. Judgment shall be entered accordingly.

Considering that petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

At San Juan, Puerto Rico, on this 30th day of September, 2019.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

[4] Pursuant to the plea agreement, a racketeering act petitioner agreed to participate in furtherance of La ONU was the murder of Blanca de los Santos and Manuel Medina-Rivera. **Crim. No. 12-200, ECF No. 726** at 10.